STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR, V.
LAVON STENNIS WILLIAMS, RESPONDENT.
727 N.W.2d 235

Filed February 2, 2007. No. S-06-629.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

This case is before the court on the voluntary surrender of license filed by respondent, Lavon Stennis Williams. As indicated below, the court accepts respondent's surrender of her license and enters an order of disbarment.

## FACTS

Respondent was admitted to the practice of law in the State of Nebraska on September 25, 1991. At all times relevant hereto, respondent was engaged in the private practice of law in Nebraska.

On June 8, 2006, an application for the temporary suspension of respondent from the practice of law was filed by the chairperson of the Committee on Inquiry of the Second Disciplinary District of the Nebraska State Bar Association. A supplement to the application was filed by the chairperson of the Committee on Inquiry on June 12. Collectively, the application and supplemental application (the application) stated generally that a grievance had been filed against respondent and was under investigation by the Counsel for Discipline. The application stated that according to the grievance, respondent had misappropriated client funds in the total amount of approximately $93,000. The application further stated that "respondent has engaged in and continues to engage in conduct that, if allowed to continue until final disposition of disciplinary proceedings, will cause serious damage to the public and to the members of the Nebraska State Bar Association."

On June 14, 2006, this court entered an order directing respondent to show cause why her license should not be temporarily suspended.

A copy of the show cause order was served on respondent, and respondent filed two separate documents in response to the show cause order. On June 28, this court determined that respondent had failed to show cause why her license should not be temporarily suspended and ordered respondent's license to practice law in the State of Nebraska temporarily suspended until further order of the court.

On September 26, 2006, formal charges were filed by the office of the Counsel for Discipline of the Nebraska Supreme Court, relator, against respondent. The formal charges set forth one count that included charges that respondent had violated the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102(A)(1) (violating disciplinary rule), (3) (engaging in illegal conduct involving moral turpitude), (4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), (5) (engaging in conduct that is prejudicial to administration of justice), and (6) (engaging in conduct that adversely reflects on respondent's fitness to practice law), and Canon 9, DR 9-102(A) and (B) (failing to preserve identity of funds and property belonging to client), as well as her oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 1997).

The formal charges generally alleged that in the fall of 2001, Robert H. Nelson hired respondent to assist him with certain estate planning matters, including the drafting of his will. Respondent prepared Robert's will. In the executed will, Robert named his daughter, Robin Nelson, as his sole beneficiary. Robert also nominated respondent to serve as personal representative of his estate, without bond, and he authorized respondent to employ herself as the attorney for the administration of the estate for a fee not to exceed $3,500. Robert died on February 7, 2002.

The formal charges alleged that respondent received a total of $233,584.23 for the benefit of Robert and his estate. On August 30, 2002, respondent opened an estate account, into which she deposited $93,539.59. As of December 2004, the balance remaining in the estate account was less than $100. Respondent was the only person authorized to make withdrawals from the account.

The formal charges further alleged that despite repeated requests from Robin for an accounting of the estate and a distribution of her inheritance, respondent failed to provide the accounting

or make any distributions to Robin. In October and November 2005, respondent made certain representations to Robin regarding sending distributions from the estate to Robin, but Robin did not receive any funds from the estate.

According to the formal charges, on November 28, 2005, Robin filed a grievance against respondent with relator. Notice of the grievance was sent by relator to respondent in a letter directing respondent to file an appropriate written response. On December 7, respondent spoke with relator and stated that all of the money from the estate had been given to Robin. Respondent stated that by December 14, she would provide to relator the bank statements showing where the money was maintained and how it was paid to Robin. Respondent did not provide to relator the bank statements. In a letter dated January 5, 2006, respondent offered to pay Robin an unspecified amount of money if Robin would withdraw her grievance.

The formal charges further alleged that on May 15, 2006, the county court for Douglas County appointed a special administrator to investigate respondent's handling of Robert's estate. On June 6, relator received from the special administrator photocopies of documents indicating that from the period of August 30, 2002, to April 23, 2004, respondent had withdrawn a total of $93,590 from the estate account, and of those withdrawn funds, over $50,000 had been withdrawn by checks made payable to respondent.

On November 1, 2006, respondent filed her answer to the formal charges. In her answer, respondent disputed certain of the allegations in the formal charges and raised issues of fact. On November 20, this court appointed a referee to conduct an evidentiary hearing on the formal charges.

On December 22, 2006, respondent filed with this court a voluntary surrender of license, voluntarily surrendering her license to practice law in the State of Nebraska. In her voluntary surrender of license, respondent stated that she knowingly did not challenge or contest the truth of the allegations in the formal charges. In addition to surrendering her license, respondent voluntarily consented to the entry of an order of disbarment and waived her right to notice, appearance, and hearing prior to the entry of the order of disbarment.

## ANALYSIS

Neb. Ct. R. of Discipline 15 (rev. 2001) provides in pertinent part:

> (A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.
>
> (1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to rule 15, we find that respondent has voluntarily surrendered her license to practice law and knowingly does not contest the truth of the allegations made against her in the formal charges. Further, respondent has waived all proceedings against her in connection therewith. We further find that respondent has consented to the entry of an order of disbarment.

## CONCLUSION

Upon due consideration of the court file in this matter, the court finds that respondent voluntarily has stated that she knowingly does not challenge or contest the truth of the allegations in the formal charges filed against her and that such allegations, if true, constitute a violation of DR 1-102(A)(1), (3), (4), (5), and (6), and DR 9-102(A) and (B), as well as her oath of office as an attorney, § 7-104. The court accepts respondent's surrender of her license to practice law, finds that respondent should be disbarred, and hereby orders her disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with Neb. Ct. R. of Discipline 16 (rev. 2004), and upon failure to do so, she shall be subject to punishment for contempt of this court. Accordingly, respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 10(P) (rev. 2005) and 23 (rev. 2001) within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF DISBARMENT.

HEAVICAN, C.J., not participating.